IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAR0LINA
CHARLOTTE DIVISION
3:05CV389-MU

| | |
|---|---|
| PRECISION COMPONENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| C.W.BEARING USA, INC., LIRONG HU ) | |
| and STEVE TSAI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon the Defendant Tsai's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2). This case was removed from state court and the court recently denied a Motion to Remand. Despite the fact that prior to removal, the state court denied Defendant Tsai's Motion to Dismiss for Lack of Personal Jurisdiction, this court is free to reexamine that ruling. See Quinn v. Aetna Life & Casualty Co., 616 F.2d 38, 40-41 (2d Cir. 1980).

In his brief in support of his Motion to Dismiss, Defendant Tsai argues that the Plaintiff has not alleged that North Carolina's long-arm statute confers jurisdiction over him. The Defendant is correct. The Complaint itself makes no such allegation. Moreover, the Plaintiff's brief utterly fails to respond to this argument. The burden is on the Plaintiff to establish that grounds exist for the exercise of personal jurisdiction over this Defendant under North Carolina's long-arm statute. Marion v. Long, 72 N.C. App. 585, 325 S.E.2d 300, cert. denied, 313 N.C. 604, 330 S.E.2d 612 (1985). Accordingly, the court will allow the Plaintiff fourteen (14) days to file a supplemental brief responding to Defendant's argument. Defendant Tsai shall thereafter have fourteen (14) days to file a response to any brief filed by the Plaintiff. The court will thereafter rule upon the motion.

IT IS SO ORDERED.

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge