IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV389

PRECISION COMPONENTS, INC., )
)
    Plaintiff, )
)
vs. ) ORDER
)
C.W. BEARING USA, INC., LIRONG HU and )
STEVEN TSAI, )
)
    Defendants. )
)

This matter is before the court upon Defendant Tsai's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2). In its Order of January 5, 2006, the court directed the Plaintiff to file a supplemental brief responding to Defendant Tsai's argument that Plaintiff has failed to establish that the North Carolina long-arm statute confers jurisdiction over Defendant Tsai. Plaintiff has now filed its supplemental brief and the Defendant has responded. Accordingly, this matter is now ripe for disposition.

In its supplemental brief, Plaintiff asserts that Section 1-75.4(1)(d) confers jurisdiction over Tsai. This section of the long-arm statute confers personal jurisdiction over a person who "is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." N.C.Gen.Stat. § 1-75.4(1)(d). Plaintiff alleges that Tsai engaged in "substantial activity" within the state of North Carolina by representing North Carolina resident, Jim Coble, in contract negotiations which he undertook on behalf of Coble and Precision Components. Plaintiff submits the Affidavit of David Hull, president and CEO of Precision Components, Inc., who states that "the defendant Steven Tsai negotiated with me on behalf of the

defendant CW Bearing, USA, and also on behalf of the defendant Jim Coble." (Hull Aff. ¶ 2)

However, the Affidavit of Jim Coble, filed on September 19, 2005, states that "[n]either the Law Offices of Steve Tsai nor Steve Tsai has acted as my attorney at any time for any manner." (Coble Aff. ¶ 2). Mr. Coble also states that "I have never retained the Law Offices of Steve Tsai or Steve Tsai to act as my attorney, nor have I paid any fees, legal or otherwise, to the Law Offices of Steve Tsai or Steve Tsai." (Coble Aff. ¶ 3). Moreover, the correspondence attached to Mr. Hull's Affidavit submitted with Plaintiff's supplemental brief is consistent with Mr. Coble's assertions. In faxed correspondence from Mr. Tsai to Mr. Hull and Mr. Coble, Tsai indicated in the signature block that he is "Counsel for CW Bearing USA." Indeed, throughout the correspondence to Mr. Hull, Mr. Tsai consistently states that he is acting at the direction of and on behalf of CW Bearing, USA, Inc. and its President. He never states that he is acting on behalf of Mr. Coble.

As the court stated in its January 5 Order, the burden is on the Plaintiff to establish that grounds exist for the exercise of personal jurisdiction over this Defendant under North Carolina's long-arm statute. The court finds that Plaintiff has failed to meet this burden. Accordingly,

IT IS THEREFORE ORDERED that Defendant Tsai's Motion to Dismiss for Lack of Personal Jurisdiction is hereby GRANTED.

Signed: March 2, 2006

Graham C. Mullen
United States District Judge