IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV389

| | | |
|---|---|---|
| PRECISION COMPONENTS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | ORDER |
| C.W. BEARING USA, INC. and LIRONG HU, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court upon the Plaintiff's Motion to Compel, filed November 15, 2006. No brief was filed in support of Plaintiff's motion, as required by Local Rule 7.2. The Defendants have filed a brief in response to Plaintiff's motion. Plaintiff has not filed a reply.

In its motion, Plaintiff seeks to have the court direct Defendants to respond "adequately and completely" to Plaintiff's Second Set of Interrogatories and Plaintiff's Second Request for Production of Documents.

Defendants assert that they timely responded to Plaintiff's discovery requests and provided 1,865 invoices for sales during the requested timeframe to companies which the Plaintiff serviced on behalf of CW Bearing. The invoices contain "gross sales, part number, price and quantity" information requested by the Plaintiff in its Motion to Compel. Dissatisfied with Defendants' responses, Plaintiff wrote a letter to Defendants' counsel dated November 6, 2006, stating that the responses were an "evasive or incomplete disclosure, answer or response." However, the letter did not specifically identify any additional information requested by the Plaintiff. Defendants' counsel informed Plaintiff's counsel by letter dated November 13, 2006 that Defendants would cooperate in good faith to resolve any outstanding discovery issues and

requested that Plaintiff provide Defendants with a specific listing of any additional information requested.  On November 14, counsel for Plaintiff wrote a letter attempting to identify the additional information requested and demanded that documents showing "gross sales, part number, price and quantity" be produced *that day* or a Motion to Compel would be filed.  Counsel for Defendants, by letter dated November 14, informed counsel for the Plaintiff that it would be impossible to evaluate the additional information requested in the few hours given.  Moreover, Defendants had already provided such information to the Plaintiff in the invoices produced earlier.  Despite Defendants' letter, Plaintiff went ahead and filed its Motion to Compel the next day, November 15.  Since that time, Defendants have attempted to confer with the Plaintiff to resolve the dispute without the involvement of the court, but Plaintiff's counsel has failed to respond to these requests.  Defendants represent that to date, they have been unable to ascertain specifically what additional information Plaintiff is requesting and believe that all the relevant information requested has been produced.  As noted, Plaintiff has failed to respond to the Defendants' brief.

The court finds that Plaintiff has failed to confer in good faith with Defendants' counsel in an attempt to resolve the discovery dispute without the court's intervention.  Plaintiff has not even bothered to dispute the statements made in Defendants' brief in opposition to its motion.  Neither the Defendants nor the court is able to determine exactly what Plaintiff is contending has not been provided.  Accordingly, the court will deny Plaintiff's Motion to Compel.  Defendants have requested their reasonable expenses incurred in responding to Plaintiff's Motion to Compel pursuant to Rule 37(a)(4)(B).  Accordingly, the court directs the Plaintiff to respond within ten days as to how its motion was substantially justified or what circumstances would make an award of expenses unjust.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED.

Signed: February 6, 2007

Graham C. Mullen
United States District Judge