IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV389

| | | |
|---|---|---|
| PRECISION COMPONENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| C.W. BEARING USA, INC. and LIRONG HU, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon motion of the Defendants C.W. Bearing, USA, Inc. ("CW Bearing") and Lirong Hu for partial summary judgment.

**FACTS**

The Plaintiff is a consulting and sales organization who sells highly specialized precision bearings and precision-engineered components for various manufacturers. Among the companies for whom the Plaintiff has provided consulting, engineering, sales and other services is CW Bearing. CW Bearing is a wholly owned subsidiary of Cixing Group Co., Ltd. of China. Cixing manufactures ball bearings, ball bearing assemblies and related products used in a wide variety of machinery and equipment. Cixing sells some of the ball bearing products exported to the United States to CW Bearing. Xiangen Hu is the Chairman of the Board of Directors of both Cixing and CW Bearing and is CEO of Cixing. Defendant Lirong Hu is the son of Xiangen Hu and a Vice President of CW Bearing. Prior to 2006, Lirong Hu was president of CW Bearing.

In March of 1998, Cixing and the Plaintiff entered into a written Commission Agreement,

1

whereby Cixing would pay Plaintiff commissions at a certain rate for sales services. Defendant Lirong Hu came to the United States in 1998 and began to work for CW Bearing. In September of 1999 Plaintiff and CW Bearing entered into a written "Memorandum of Understanding" ("MOU") whereby Plaintiff would provide sales services to CW Bearing in return for commissions payments. The Plaintiff alleges that Hu immediately began a campaign to interfere with the Plaintiff's contract with Cixing, and ultimately induced Cixing to cut off commissions owed to the Plaintiff under the 1998 contract.

In its First Amended Complaint, the Plaintiff asserts claims for tortious interference, civil conspiracy, unfair and deceptive trade practices, breach of contract and quantum meruit. Defendants seek partial summary judgment as to Plaintiff's claims for tortious interference, civil conspiracy, and unfair and deceptive trade practices.

## DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). When a moving party supports its motion with affidavits, the non-moving party cannot rest on its allegations, but instead must set forth specific facts showing that there is a genuine issue for trial. Id. at 248-50. The movant may be entitled to summary judgment merely by showing that the other side will not be able to prove an essential element of its case with respect to which it has the burden of proof. Celotex, 477 U.S. at 322-23.

After carefully reviewing the briefs and the submissions of the parties, it appears to the court that the Plaintiff has simply failed to meet its burden under Rule 56. The Defendants have submitted an affidavit of Xiangen Hu stating that the relationship between Cixing and the Plaintiff was terminated for business reasons, and that he was aware of and approved the termination of the relationship. The only evidence Plaintiff submits in support of its claims for tortious interference, civil conspiracy, and unfair and deceptive trade practices is the unverified First Amended Complaint, a Commission Agreement between Cixing and Plaintiff, the Affidavit of David Hull, President of Plaintiff, an excerpt from the deposition of the Plaintiff, and an affidavit of a Forensic Document Examiner challenging the signature of Xiangen Hu on his affidavit submitted by the Defendants. Out of these limited submissions, the only evidence that purports to support the Plaintiff's claims of tortious interference, civil conspiracy, and unfair and deceptive trade practices is contained in paragraphs 13 and 14 of the affidavit of David Hull. These paragraphs merely state in conclusory fashion, that Defendants "according to the First Amended Complaint, perpetrated numerous unfair and deceptive trade practices for which a claim is made." (Hull Affidavit ¶ 13). It goes on to state that the claim for unfair and deceptive trade practices is not contingent only upon a claim for tortious interference. Id. Hull also states conclusorily that "[m]any of the unfair and deceptive practices were clearly designed and intended to disrupt negotiations with Xiangen Hu and otherwise destroy and bankrupt Precision Components; hiring away its employees and otherwise ensuring that Precision Components would not be in a position to enforce and uphold its agreements with CW, Cixing, Xiangen or Lirong Hu." (Id. at ¶ 14). The contents of this affidavit are too vague and conclusory to create a genuine issue of material fact. See Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998) (affirming

grant of summary judgment because the plaintiff's conclusory statements, made without any evidentiary support, were insufficient to create a genuine issue of material fact.)  In fact, paragraphs 13 and 14 of the Hull affidavit are nothing more than the type of conclusory allegations that are made in a complaint at the initial stages of litigation.  See Brown v. Flowers, 196 Fed. Appx. 178, 182 (4th Cir. 2006).  At this stage of the litigation, however, Plaintiff must come forward with specific evidentiary support for his conclusory assertions.  Id.  The court therefore finds that Plaintiff has failed to demonstrate a genuine issue of material fact as to his claims for tortious interference, civil conspiracy, and unfair and deceptive trade practices.  This case may go forward only as to Plaintiff's claims for breach of contract and quantum meruit.

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment is hereby GRANTED;

IT IS FURTHER ORDERED that this case will be set for trial on Plaintiff's claims of breach of contract and quantum meruit during the May 2007 trial term.

Signed: February 6, 2007

Graham C. Mullen
United States District Judge